## N THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00880-WDM-MJW

KD Kanopy, Inc.,
a Colorado corporation,
Party Shade, Inc.,
a Colorado corporation,

       Plaintiffs,

v.

North Pole (US) LLC,

       Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

**IT IS HEREBY STIPULATED AND AGREED** by counsel for Plaintiffs, KD Kanopy, Inc. and Party Shade, Inc., and counsel for Defendant, North Pole (US) LLC, pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, as follows:

I.    **What Is Affected By This Order**

   A.    Testimony

      This Stipulated Protective Order shall govern testimony at depositions upon oral examination pursuant to Fed. R. Civ. P., Rule 30 and all copies, excerpts and summaries thereof.

B.    Responses to Interrogatories

This Stipulated Protective Order shall govern written responses to interrogatories pursuant to Fed. R. Civ. P., Rule 33 and all copies, excerpts and summaries thereof.

C.    Documents and Things

This Stipulated Protective Order shall govern the handling of all documents and things that are produced pursuant to Fed. R. Civ. P., Rule 34 or provided pursuant to Fed. R. Civ. P., Rule 45 and all copies, excerpts and summaries thereof.

D.    Requests for Admissions

This Stipulated Protective Order shall govern answers to requests for admission pursuant to Fed. R. Civ. P., Rule 36 and all copies, excerpts and summaries thereof.

## II.    Who Is Subject To This Order

A.    The Parties to this Litigation

This Stipulated Protective Order shall be binding on the parties in this action and their employees, agents, officers, directors, representatives, and successors.

B.    Non-Parties

This Stipulated Protective Order shall apply to any third party producing or disclosing material(s) in this action who agrees to be, or is ordered by the Court to be, bound by the terms of this Stipulated Protective Order.

C.      Non-Party Witnesses

This Stipulated Protective Order shall apply to any non-party witness who agrees to be, or is ordered by the Court to be, bound by the terms of this Stipulated Protective Order.

III.    **Definitions**

A.      "Providing Party"

Any party or third party who elects or is ordered to provide discovery under the terms and conditions of this Stipulated Protective Order shall be referred to as the "Providing Party".

B.      "Receiving Party"

Any party who receives discovery under the terms and conditions of this Stipulated Protective Order shall be referred to as the "Receiving Party".

C.      "Protected Materials"

All information, documents and things, including but not limited to copies, summaries, or abstracts thereof, that are owned or controlled by the Providing Party, that the Providing Party in good faith believes contains non-public information that should remain non-public, and that the Providing Party designates as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Section IV below.

IV.    **Types of Designations**

A.    Confidential

A Providing Party may designate any Protected Materials that it produces in the course of this litigation (including appeals) as "CONFIDENTIAL".

B.    Confidential—Outside Attorneys' Eyes Only

Where appropriate, a Providing Party may add the designation "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", or an equivalent designation[1], only when the Providing Party believes in good faith that the Protected Material is, or has the potential of being, competitively sensitive to the Providing Party or competitively useful to the Receiving Party.

C.    Undesignated

Any materials or testimony not marked as either "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be governed by this Stipulated Protective Order.

V.    **Challenges to Designation**

A.    Procedure for Challenging a Party's Designation of Protected Materials

The Receiving Party may object to the designation of Protected Materials by giving written notice to the Providing Party.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the

---

[1] Other suitable designations include but are not limited to: Secret—Counsel's Eyes Only; Secret– Outside Counsel Only; Confidential–Attorney's Eyes Only, and the like.

notice is received, the Receiving Party may file a motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall continue to be treated as Protected Materials under the terms of this Protective Order until the Court rules on the motion.

B.    Non-Waiver of Challenge

A party shall not be obligated to challenge the propriety of the designation of the Protected Materials at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

VI.   **How and When Protected Materials Are To Be Designated**

A.    Documents

The designation shall be made by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each page of such document(s) produced by the Providing Party. Unless otherwise agreed, such designation shall be made at the time a document or portion thereof is produced for inspection by counsel.

B.    Things

A tangible object shall itself be marked with a label bearing the appropriate designation.  However, the Providing Party may optionally mark the container holding the tangible object when doing so is sufficient for designation purposes. Unless otherwise agreed, such designation shall be made at the time a tangible object is produced for inspection by counsel.

C.    Responses to Interrogatories and Answers to Admission Requests

In the case of interrogatory answers or responses to requests for admissions, the designation of Protected Materials shall be made by placing the appropriate legend on each page of any answer that contains the Protected Material. Such designation shall be made at the time the answer or response is served.

D.   <u>Testimony</u>

In the case of depositions upon oral examination and unless otherwise agreed, if counsel for any party believes that a question or answer of its client, or former or current officers, directors or employees of such client, a third party witness and/or an expert constitutes Protected Materials, counsel may so state on the record and may request that the specific pages which include such Protected Materials be included in a separate sealed portion of the transcript.

**VII.** **Correction for Failure to Mark Protected Materials at the Time of Production or Testimony**

    A.    Documents, Things, and Responses to Interrogatories and Answers to Admission Requests

The Providing Party shall have ten (10) days after the production of documents, things, responses to interrogatories, or answers to admission requests to correct any failure to appropriately mark Protected Materials. The Providing Party must provide written notice of any failure to appropriately mark such Protected Materials to counsel for Receiving Party, and such notice must be accompanied by appropriately marked substitute copies of each item. Within five (5) days of receipt of the substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof, or destroy the same and certify the destruction to counsel for the Providing Party. Until expiration of the aforesaid ten (10) day-period, all items produced shall be considered and treated as Protected Materials under the designation "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

    B.    Testimony

Counsel attending a deposition who inadvertently fails to appropriately designate any portion of the transcript as Protected Materials on the record at the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct the failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that

constitute Protected Materials, and directing the reporter to place the same seal as provided in Section VI.D.  Until expiration of the aforesaid thirty (30) day period, all deposition transcripts shall be considered and treated as Protected Materials under the designation "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", unless otherwise agreed to on the record at the deposition.

**VIII.**   **Who May Have Access to Protected Materials**

   A.   Materials Designated As "CONFIDENTIAL"

Materials designated by the Providing Party as "CONFIDENTIAL" shall be disclosed only to:

   1.   The Parties to this Litigation

The parties to this action and/or their employees who need access to the Protected Materials for the purposes of this litigation;

   2.   Counsel of Record and In-house/Corporate Counsel

Counsel of record in this case for the parties, including their support personnel and in-house corporate counsel and support personnel;

   3.   Author and Recipient of Documents Designated as Such

The author or recipient of any document claimed to be "CONFIDENTIAL", including any person shown to have personal knowledge of the contents of said document;

4.    Experts and/or Consultants

Subject to the written assurance required pursuant to Section X.E. below, independent experts, consultants or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action;

5.    This Court

This Court and those employed by the Court (including court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court;

6.    Persons Affiliated with the Providing Party

The Providing Party's employees, former employees, consultants or former consultants who were employed or retained by the Providing Party on the date the document was prepared or dated ("former employees"), or whose employment or retention involved matters related to the subject matter of such Protected Materials, or to his/her counsel, during deposition or trial;

7.    Third Party Witnesses

A third party witness (excluding former employees), or his/her counsel, during deposition or trial only when it is apparent from the

face of the document or from prior testimony, including the testimony of the third party witness, that the said third party witness authored, assisted in the preparation of or received said document or material; and

8.   Others

Any other person as to whom the Providing Party, or said party's legal representative, agrees to in writing or on the record.

B.   Materials Designated As "CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY"

Materials designated by the Providing Party as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be disclosed only to:

1.   Outside Counsel of Record

Outside counsel of record in this case for the parties, including their support personnel;

2.   Experts and/or Consultants

Independent experts, consultants or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action, provided that counsel of record for the Receiving Party provide written notice to counsel of record for the Providing Party, together with a current resume for such expert or consultant, not less than ten (10) days before disclosure of such designated information to any such expert or consultant, unless otherwise

agreed to in writing by counsel for the Providing Party. Should counsel of record for the Providing Party disagree with the disclosure of so designated material to such experts or consultants identified in the notice, the Providing Party may serve and file a noticed motion within not less than ten (10) days of receipt of the written notice. No disclosure shall take place until such motion is decided or by leave of the Court;

3.  This Court

This Court and those employed by the Court (including Court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court;

4.  Persons Affiliated with the Providing Party

The Providing Party's employees, former employees, consultants or former consultants who were employed or retained by the Providing Party on the date the document was prepared or dated ("former employees"), or whose employment or retention involved matters related to the subject matter of such CONFIDENTIAL MATERIALS, or to his/her counsel, during deposition or trial; and

5.      Third Party Witnesses

A third party witness (excluding former employees), or his/her counsel, during deposition or trial only when it is apparent from the face of the document or from prior testimony, including the testimony of the third party witness, that the said third party witness authored, assisted in the preparation of or received said document or material.

C.      Corporate/In House Counsel

Corporate or other in-house counsel, and their support personnel, shall be precluded from access to all materials specifically designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY". However, upon request by the Receiving Party, the Providing Party may, in its discretion, grant access to in-house counsel, and their support personnel, to certain such designated Protected Materials, or, where appropriate, to summaries, and/or excerpts thereof.

## IX.   **Use of Protected Materials**

A.      Use For This Litigation Only

Protected Materials shall be used only for the purposes of this litigation (including appeals) and for no other purpose (unless authorized by the Court) and shall not be disclosed, given, shown, made available or communicated, directly or indirectly, in any way to anyone except those authorized persons set forth above.

B.      Discovery and Preparation for Trial

Protected Materials may be used to prepare for and conduct

discovery and to prepare for trial.

C       Trial, Motions, Hearings, and Depositions

Protected Materials may be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion.

**X.      Restrictions to the Use and Access to Protected Materials**

A.      During Depositions

When testimony designated as "CONFIDENTIAL" and, if applicable, also "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"," is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulated Protective Order shall be excluded from the deposition.

B.      Third Party Witnesses

A third party witness and his/her counsel (unless said counsel is an attorney of record herein) shall not be permitted to retain a copy of the Protected Materials.

C.      Unauthorized Disclosure of Protected Materials

Other than as provided, Protected Materials shall not be disclosed, given, shown, made available or communicated, directly or indirectly, in any way to any person or entity, including the parties to this action.

D.    Advisement of the Terms of this Protective Order to Persons or Entities Authorized Access to Protected Materials

Any person given access to Protected Materials pursuant to the terms hereof shall be advised that the Protected Materials are being disclosed pursuant to, and subject to, the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms hereof, and that the violation of the terms of this Stipulated Protective Order may constitute contempt of a court order.

E.    Requirement of a Written Statement of Assurance

Before any person designated in Sections VIII.A.1.; VIII.A.4.; VIII.A.8.; VIII.B.2.; and VIII.C. is given access to Protected Materials, he/she shall provide a written statement of assurance to be bound by the provisions of this Stipulated Protective Order as provided in the form attached hereto as Exhibit A.

XI.    **Handling of Confidential Materials**

A.    Pleadings and Court Submissions Filed Under Seal

All pleadings or other court filings that incorporate or disclose Protected Materials shall be filed under seal in accordance with D.C.COLO.LCivR 7.2 and 7.3.

B.    Safeguarding Protected Materials

All designated Protected Materials shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

C.    After the Conclusion of this Litigation

Within sixty (60) days after final termination of this action, whether by judgment, settlement or otherwise, counsel for the Receiving Party shall return all copies of Protected Materials to counsel for the Providing Party, or shall destroy such Protected Materials and certify the destruction to counsel for the Providing Party except that counsel of record may retain for its files one full set of copies of pleading, affidavits, briefs and memoranda filed in this action; one set of transcripts of all depositions (with exhibits) taken and all of its own work product generated in connection with this action.

XII.   **Miscellaneous**

A.    Acceptance Not an Admission

The acceptance by a party of Protected Materials shall not constitute an admission or concession or permit an inference that the Protected Materials are, in fact, protected.

B.    Procedure for Modifying this Protective Order

Any party may move this Court for (i) modification of this Stipulated Protective Order, or (ii) relief from the provisions of this Stipulated Protective Order.   In addition, the parties may agree in writing or on the record to necessary modifications of this Stipulated Protective Order.

C.    Attorney/Client Privilege and Work Product Doctrine

1.    Disclosure of Privileged Material is Not Required

Nothing in this Stipulated Protective Order shall require disclosure of material that counsel for a party or a third party

contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

2.   Inadvertent Production of Privileged Material Does Not Waive the Privilege

The inadvertent production of privileged material shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of the Stipulated Protective Order, or the subject matter hereof.

3.   Return of Privileged Materials

Upon receiving notice from the Providing Party that materials have been inadvertently produced, the Receiving Party shall promptly return such materials to the Providing Party. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection under this Order.

D.   No Waiver

Nothing in this Stipulated Protective Order shall be construed as a waiver of the right of any party to object to the taking or the admissibility of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves Protected Materials, and nothing herein shall be construed as an agreement that any

Protected Materials shall be withheld from or excluded from evidence in any proceeding in this case.

E.      Further Application for Protective Orders

This Stipulated Protective Order shall not prevent a party or third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

F.      Restrictions on Use Survives the Conclusion of this Litigation

The restrictions on use of Protected Materials set forth in this Stipulated Protective Order shall survive the conclusion of this litigation.

G.      Use of a Party's own Protected Materials

Notwithstanding any of the foregoing provisions, this Stipulated Protective Order has no effect upon, and its scope shall not extend to, any person's use of its own Protected Materials.

H.      Material Excluded from the Provisions of this Protective Order

The following materials shall be excluded from the restrictions and obligations set forth herein:

1.      The Receiving Party's Own Material or that which is already in the Public Domain

Materials already in the unrestricted and rightful possession of the Receiving Party or in the public domain at the time of receipt provided, however, that this Stipulated Protective Order shall not impair, revoke, or affect the parties' obligations to maintain the

confidentiality or proprietary information, trade secrets, or other confidential business information;

2.  Material that Becomes Public Knowledge

Materials that becomes public knowledge after receipt through no fault of the Receiving Party, the Receiving Party's counsel, or any expert or consultant retained by the Receiving Party; or

3.  Material Disclosed by Persons or Entities Not Bound by this Protective Order

Materials transmitted to the Receiving Party by a third party having no obligation to the Providing Party shall be excluded.

I.  Permissible Discussions Related to Protected Materials

Notwithstanding anything to the contrary contained in this Stipulated Protective Order, the restrictions and obligations set forth herein relating to Protected Materials shall not be deemed to prohibit discussions with any person of any Protected Materials if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

J.  Jurisdiction of this Court

Any person to whom disclosure is made pursuant to any of the foregoing sections shall be subject to the restrictions imposed by this Stipulated Protective Order and consents to be subject to the personal jurisdiction of this Court for the limited purposes of securing compliance with the terms, or to punish the breach of any of the terms, of this Order.

~~After the conclusion of this litigation,~~ This Court shall retain jurisdiction

for the purpose of enforcing this Stipulated Protective Order, *until Termination of This Case.*

Dated this *24th* day of *September*, 200*7*

ORDERED BY THE COURT:

_____

Magistrate Judge Michael J. Watanabe


Approved on behalf of KD Kanopy, Inc. and Party Shade, Inc. by Timothy J. Martin:

Date:   09/20/07                              By:  Timothy J. Martin                          
                                             Timothy J. Martin
                                             **Martin & Henson PC**
                                             9250 West 5th Ave, Suite 200
                                             Lakewood, Colorado 80226
                                             Telephone:  (303) 232-3388
                                             FAX: (303) 232-3288
                                             E-mail:  tmartin@martinhenson.com

                                             Attorney for Plaintiff, KD Kanopy, Inc.

Approved by on behalf of North Pole (US) LLC by   John Halan          

Date:   9/20/07                              By:  s/John Halan                          

                                             John Halan
                                             **Brooks Kushman P.C.**
                                             1000 Town Center, Twenty Second Floor
                                             Southfield, Michigan 48075
                                             Telephone:  (248) 358-4400
                                             FAX:
                                             Email:

                                             Attorney for Defendant, North Pole (US) LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00880-WDM-MJW

KD Kanopy, Inc.,
a Colorado corporation,
Party Shade, Inc.,
a Colorado corporation,

        Plaintiffs,

v.

North Pole (US) LLC,

        Defendant.

---

## WRITTEN ASSURANCE

---

    I, _____, declare that: I reside at _____ in the city of _____, county of _____, state of _____, and acknowledge and declare as follows:

    I have been provided with and have read a copy of the Stipulated Protective Order ("Order") dated _____ entered in connection with this case and I agree, upon the threat of penalty of contempt and other civil remedies, to be bound by the terms of this Order. I further irrevocably consent to the jurisdiction of the United States District Court, District of Colorado, for the purpose of any proceeding to enforce or secure compliance with the terms of this Order, or to punish the breach of any of the terms of this Order.

Executed this ___ day of _____, 200_, at
_____.

_____
Name